AMERICAN BRIDGE COMPANY OF NEW YORK & another *vs.*
CITY OF BOSTON.

Suffolk.    January 21, 1909. — May 24, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY,.JJ.

*Assignment.    Damages,* Recoupment.

In an action to recover the amount due to a contractor upon an architect's certifi-
cate under a contract with the defendant for the construction of a building,
brought by an assignee of the contractor under an assignment in writing, of
which the defendant received notice, the defendant may recoup any damages
which he has suffered before the date of the writ from the breach and abandon-
ment of the contract by the plaintiff's assignor, although at the time that the
defendant received notice of the assignment the full amount named in the cer-
tificate was due and payable to the plaintiff and at that time the plaintiff's
assignor had committed no breach of the contract.

CONTRACT by the American Bridge Company and the Central
National Bank under and by virtue of two assignments made by
F. G. Coburn of all moneys coming due to Coburn under two
contracts with the city of Boston dated respectively July 16,
1901, and August 27, 1901, for the construction of two build-
ings for the City Hospital.    Writ dated October 30, 1906.

The action was brought to recover the amount of two archi-
tect's certificates dated November 10, 1902, for the sums of
$2,210 and $3,085.50.    The case was referred to Carleton
Hunneman, Esquire, as auditor, who found for the defendant.
Afterwards the case was heard by *Sanderson,* J.    The only
evidence presented was the auditor's report and the exhibits
thereto annexed.

The assignments were dated April 10, 1902, when the build-
ings were in the course of construction.    Notice in writing of
the assignments was given to the defendant on November 14,
1902.    A short time after this Coburn abandoned the work.
The defendant asked the judge to make the following ruling:
" The defendant is entitled to set off or recoup against the
sum certified by the architects on November 10, as due F. G.
Coburn and Company any set-offs or recoupments in its favor
arising out of the contracts whether before or after November
10, 1902."

The judge refused to make this ruling. He found for the plaintiffs in the sum of $7,164.81; and the defendant alleged exceptions.

*G. A. Flynn,* for the defendant.

*J. B. Studley,* for the plaintiff.

HAMMOND, J.    This is an action of contract brought by the plaintiffs as assignees of all " the moneys now due or which may hereafter become due " to one Coburn, the assignor under two certain building contracts between him and the defendant, dated respectively July 16, 1901, and August 27, 1901. It is brought to recover the amount of two architect's certificates, one for $2,210 and the other for $3,085.50, each dated November 10, 1902. The case was heard upon the auditor's report (which was for the defendant) and certain exhibits, by a judge of the Superior Court, sitting without a jury, who found for the plaintiffs for the full amount claimed; and it is before us upon exceptions taken by the defendant.

These exceptions raise the general question whether in this action the defendant may recoup for the damages sustained by the default of the assignor, which occurred after the defendant had notice of the assignment.

It is contended by the plaintiffs that these sums were due and payable at the time the defendant received notice thereof, that the plaintiffs' rights were fixed at the time of notice and could not be changed by the act of the assignor or of the defendant after notice, and consequently that the damages caused to the defendant by the default of the assignor in leaving his contract unperformed, although without any fault or collusion on the part of the defendant, cannot be recouped in this action. It is contended that the only remedy open to the defendant is by way of an action against the assignor.

Even if it be conceded in favor of the plaintiffs that the sums were due and payable at the time of the notice, and that the rights of the plaintiffs were fixed at that time, still the conclusion which the plaintiffs seek to draw by no means necessarily follows.

We are dealing not with the right of set-off, but with that of recoupment, — an entirely different right. The one is a creation of statute, the other exists at common law and not by statute;

the one is applicable even where there are different contracts, the other arises only out of the same contract as that under which the claim of the plaintiffs arises. Confusion sometimes has been caused by a neglect to note the distinction between these two rights. The principles applicable to a case of set-off are in many respects different from those applicable to a case of recoupment, and some care is required not to be misled by apparent analogies.

The assignment of a chose in action conveys, as between the assignor and assignee, merely the right which the assignor then possesses to that thing; but as between the assignee and the debtor it does not become operative until the time of notice to the latter, and does not change the rights of the debtor against the assignor as they exist at the time of the notice.

It becomes necessary to consider the exact relation between the defendant and Coburn, the assignor, at the time of the notice. The auditor has found that written notice of the assignments was given to the defendant on November 14, 1902, before the service of any trustee process. At that time there does not seem to have been any default on the part of Coburn. At the time of the notice what were the rights between him and the defendant, so far as respects this contract? He was entitled to receive these sums, but he was also under an obligation to complete his contract. This right of the defendant to claim damages for the non-performance of the contract existed at the making of the contract and at the time of assignment and of notice, and the assignees knew it, and they also knew that it would become available to the defendant the moment the assignor should commit a breach. Under these circumstances it must be held that the assignees took subject to that right. Coburn, the assignor, abandoned the work in a few days after the notice. This action was not brought until October 30, 1906, nearly four years after the breach.

Even if the sums were due and payable in November, 1902, at the time of the notice, still if this action had been brought by the assignor after the default, there can be no doubt that the defendant would have had the right to recoup the damages suffered by his default. And the assignees who seek to enforce this claim can stand in no better position in this respect than the assignor.

The defendant is simply trying to enforce a right existing under the contract at the time of the notice, a right of which the assignees had knowledge; and, since they have delayed suit for these sums until after default, the defendant may recoup against them as it could have recouped against the assignor. It cannot without its own fault or consent be deprived of rights under the contract. Any other conclusion would make the contract different from that into which the defendant entered. The case is very similar to *Rockwell* v. *Daniels*, 4 Wis. 432, in the reasoning of which we fully concur. See also *Government of Newfoundland* v. *Newfoundland Railroad*, 13 App. Cas. 199. We see nothing in *First National Bank* v. *Perris Irrigation District*, 107 Cal. 55, or *Wilkinson* v. *Clements*, 42 L. J. Ch. (N. S.) 38, cited by the plaintiffs, which changes our view. They seem to proceed upon the principle of separate contracts.

*Exceptions sustained.*