C. D. MILLS, *Plaintiff in Error*, v. D. H. McMILLAN AND J. A. HOLLOMAN, *Defendants in Error*.

Opinion Filed August 6, 1919.

1. A necessary element in novation, where there is a substitution of a new debtor, is the extinguishment of the original debt and the complete release of the debtor.

2. In pleading discharge or release from an obligation by novation the plea should definitely aver the extinguishment of the original debt as the consideration for the promise of the new debtor, or such must be the necessary inference from the facts averred.

3. Novation is not presumed from an assignment of a contract which carries an obligation to pay money.

4. One of the essentials of novation is that the promise of the new debtor must be valid.

A Writ of Error to the Circuit Court for Duval County; Daniel A. Simmons, Judge.

Judgment reversed.

*Axtell & Rinehart,* for Plaintiff in Error;

*W. M. Toomer* and *W. H. Surrency,* for Defendants in Error.

ELLIS, J.—The plaintiff in error as plaintiff below brought an action against D. H. McMillan and J. A. Holloman for damages for breach of contract. It was alleged that the defendants agreed to purchase from the plaintiff certain lots in or near the City of Jacksonville and agreed to pay the plaintiff therefor the sum of $25,000.00, of which $2,500.00 was to be paid in cash, a mortgage for $2,000.00 on part of the property to be paid, another mortgage for $8,000.00 on certain of the lots and other property to be paid, and the remainder to be paid in three installments of $4,000.00, $5,000.00 and $3,500.00, due respectively on the first day of February, 1914, 1915, 1916, with interest, the plaintiff agreeing to make and deliver to the defendants a good and sufficient warranty deed for the property agreed to be sold upon the payment of the aforesaid sums of money, the land to be subject to the mortgages mentioned if the latter had not been paid.

It is alleged that the plaintiff let the defendants into possession of the land, who paid the sum of $2,500.00 as agreed, and who promised to pay the taxes for the year 1912, but the defendants had made no other payments, nor did they pay the mortgage for $8,000.00 as agreed;

that the mortgage was foreclosed against the plaintiff and resulted in the sale not only of the lots which plaintiff had sold to the defendants, but another lot of the plaintiff's which was included in the mortgage and was of the value of $2,500.00. The plaintiff alleged performance on his part of all conditions precedent and claimed that the defendants owed him $9,000.00, with interest from the first day of February, 1913, and the further sum of $2,500.00, with interest from May 4, 1914.

The declaration was filed March 22, 1915. The defendants interposed seven pleas, to which the plaintiff demurred, with the result that the court sustained the demurrer to all the pleas except the sixth. That plea averred that in March, 1913, before the mortgage for $8,000.00 became due the defendants assigned their agreement with the plaintiff to American Securities Company, a Florida corporation; that plaintiff consented to the assignment and accepted the corporation as his obligor in place of the defendants; that thereafter, in July, 1913, foreclosure proceedings were begun on the mortgage with the plaintiff and his wife as sole defendants; that the plaintiff first refused to carry out the agreement on his part, in that on February 1, 1914, before final decree in the foreclosure suit the corporation tendered to the plaintiff the $4.00.00 due on that date; that at that time the corporation was not in default under the terms of the agreement, but the plaintiff refused the tender and denied the corporation's rights under the agreement. This plea was held to be good, and such ruling was made the basis of the first error assigned.

The plea was bad and constituted no defense, for several reasons. That the defendants were not made defendants in the foreclosure suit constituted no defense to the plain-

tiff's action, the defendants had no record title to the lands involved, and even if they were proper defendants because of their agreement with the plaintiff the failure of the mortgagee to so consider them could not be visited upon the plaintiff; it is not averred that the mortgagee knew of the agreement, nor of its assignment to the corporation if such matter was of any importance to him in the foreclosure proceeding.

The plea is unsound in so far as it undertakes to set up a novation because it does not negative the idea that the corporation in its agreement with the defendants merely agreed to pay the debt due by them to the mortgagee, or merely assumed their obligation to the plaintiff to pay that mortgage, a mere promise of a third person to answer for the debt of another. Nor does the plea aver that the plaintiff in consenting to the arrangement released the defendants from their obligation to the plaintiff and discharged and cancelled the debt due by them. A necessary element in novation is that the original debt is by the agreement extinguished and the debtor absolutely released. If novation is pleaded this element must clearly and definitely appear by averment or necessary inference from the facts averred. If by the agreement the parties intended to keep alive the old debt and accept the new as a sort of security, novation is not accomplished; and if the plea leaves this matter in doubt it is bad because of the rule which requires that such matters of doubt be resolved against the pleader. He is presumed to have put his defense in the most favorable light before the court; he has taken his own time, chosen his own words, selected his own phrases and proffered the facts which he deems to be the most favorable to himself, and if that opportunity thus offered to him to make his plea

clear and unambiguous fails to produce that result he alone is responsible, or the circumstances do not justify his contention, and if the fault is his it is visited upon him alone. It is a well settled rule that novation is never to be presumed, and it must appear that the original debt has been extinguished. See 20 R. C. L. p. 366; Terry v. Robbins, 128 N. C. 140, 38 S. E. Rep. 470; Parker v. Canfield, 37 Conn. 250; Hopkins v. Jordan,     Ala.    , 77 South. Rep. 710; Armstrong v. Walker,  Ala.    , 76 South. Rep. 280; Donegan v. Baker & Holmes Co., 73 Fla. 241, 74 South. Rep. 202. Nor was the plea good as showing a breach of the agreement by the plaintiff. The plea did not aver that the mortgage for $8,000.00 was not due when the foreclosure suit was begun, and there is no averment of payment of the mortgage nor a tender of the amount due. Subsequently a motion to strike the plea was made which was denied, but the court by its order directed the plea to be limited to the "allegation of novation." Issue was then joined on the plea.

The defendants then asked for and were granted leave to file a further and additional plea. The plea was filed and numbered 7A. The plea is as follows:

"That after the making of the contract between the plaintiff and the defendants mentioned in the plaintiff's declaration, on to-wit, the 7th day of March, 1913, these defendants transferred and assigned all of their rights and liabilities under said contract to one American Securities Company, a corporation; that the plaintiff had notice of said assignment, and that it was thereupon orally promised, understood and agreed by and between the plaintiff and these defendants and the said American Securities Company that said company was substituted in place and instead of these defendants as the plaintiff's

obligor and debtor under said contract and that the
plaintiff would look to said company for payment of the
moneys and performance of the obligations specified
therein.

"That thereafter said parties acted upon said oral agree-
ment and the said American Securities Company under-
took performance thereof; that said company is now and
for a long time past has been insolvent; that said com-
pany made default in payment of the mortgage indebt-
edness due said Goldsberry whereupon foreclosure pro-
ceedings were taken by the said Goldsberry as mentioned
in the plaintiff's declaration, and that these defendants
were not made parties to said foreclosure proceedings.

"That by reason of the premises the position of said
parties has been so changed that performance of said
original contract by these defendants so as to obtain
the benefits thereof is impossible; and said oral agree-
ment, in equity and good conscience ought to be recog-
nized and made effective by this court to the extent of
barring the plaintiff from enforcement of his alleged
claim as against these defendants herein."

There was a demurrer to this plea upon the grounds
that it set up no defense; that it showed no facts which
entitled the defendants to equitable relief; that there was
no consideration for the agreement and that the alleged
oral agreement was for the conveyance of an interest in
land and void under the statute of frauds. The demur-
rer was overruled. The plaintiff then replied that the
contract sued on was under seal; that on March 7, 1913,
the American Securities Company was not legally au-
thorized to transact business and could not on that date
make a binding and legal contract because it had not
filed its articles of incorporation in the office of the Clerk

of the Circuit Court; that it had not on that date filed the affidavit of its Treasurer that ten per cent. of its capital stock had been subscribed and paid in the office of the Clerk of the Court for Duval County, nor in the office of the Secretary of State as the law requires.

The defendants' demurrer to this replication was sustained and the plaintiff joined issue on the plea. The plaintiff then moved to strike so much of the plea numbered 7A as averred "that the said company is now, and for a long time past has been, insolvent; that said company made default in payment of the mortgage indebtedness due said Goldsberry, whereupon foreclosure proceedings were taken by the said Goldsberry as mentioned in the plaintiff's declaration, and that these defendants were not made parties to said foreclosure proceedings. That by reason of the premises the position of said parties has been so changed that performance of said original contract by these defendants so as to obtain the benefits thereof is impossible, and said oral agreement, in equity and good conscience ought to be recognized and made effective by this court to the extent of barring the plaintiff from enforcement of his alleged claim as against these defendants herein," upon the ground that the same was immaterial and irrelevant, constituted no defense and tended to prejudice the right of the plaintiff. This motion was denied. These different orders and rulings affecting the plea were made the bases of the second, third, fourth and fifth assignments of error.

The plea seems to combine the defense of novation and a defense upon equitable grounds. If the plaintiff's claim was novated it was a good defense; whereas if it was not the averments of the plea as to insolvency of the corporation and the defendants not being made parties to the fore-

closure suit constitutes no defense either in equity or by estoppel *in pais*, because it being the duty of the defendants to pay the mortgage debt, they can claim no release of their obligation to the plaintiff because they failed to pay it and relied upon the corporation to do so. Even if the plaintiff agreed to the assignment of the agreement to the corporation and looked to it and expected it to discharge the obligation of the defendants and agreed to substitute the corporation as his debtor in place of the defendants, the plea would be bad as a novation unless it affirmatively appeared that the cancellation and discharge of the original debt of the defendants was the consideration which moved the corporation to make the promise. The extinguishment of the original debt is an essential requisite of novation and not a result. See Donegan v. Baker & Holmes Co., *supra*. It appears from the averments of the plea and the evidence offered in support of it that the corporation was acquiring the defendants' right to become the owners of the land upon the payment of the price agreed upon. It took an assignment of the contract from the defendants to which the plaintiff assented. If his assent added any virtue to the transaction it did not preclude him from regarding the corporation's promise as collateral security. The parties to the transaction undoubtedly contemplated the payment of the obligation of the defendants to the plaintiff, and that obligtaion would have been extinguished by the payment of the debt by the corporation, but we think that neither the averments of the plea nor the evidence in the record clearly show that the moving consideration for the corporation's assumption of the obligation of the defendants to the plaintiff was the extinguishment or cancellation of the defendants debt to the plaintiff. Whar-

ton on Contracts, Sec. 852; 29 Cyc. 1136; 20 R. C. L. 362; Kelso v. Fleming, 104 Ind. 180, 3 N. E. Rep. 830; Stonewell v. Gram, 184 Mass. 562, 69 N. E. Rep. 342; Palmetto Mfg. Co. v. Parker & Anderson, 123 Ga. 798, 51 S. E. Rep. 714; Clark v. Delaware, L. & W. R. Co., 138 N. C. 25, 50 S. E. Rep. 446; Wierman v. Bay City-Michigan Sugar Co., 142 Mich. 422, 106 N. W. Rep. 75; Adams v. Power, 48 Miss. 450.

In the case at bar upon the assignment of the agreement by the defendants to the corporation the plaintiff's right to look to the corporation for payment was complete and there was no consideration for the release of the defendants. The evidence shows that the corporation undertook to and did avail itself of the defenses afforded under the terms of the original agreement as assignee of the defendants by raising some question of title or boundaries to the lands described. Whereas a novation of the kind sought to be pleaded in this case is a contract to pay, based upon the *new* consideration of the release of the defendants, the terms of the old agreement, its conditions and qualifications became extinguished and the new agreement with its terms and conditions is substituted.

The assumption of the debt by the corporation resulted from the assignment to it of the agreement. This assignment enured at once to the benefit of the plaintiff, whose assent to the transaction and agreement to look to the corporation in no way changed the relation of creditor and debtor between him and the defendants.

The demurrer to the plea should have been sustained and the court's ruling was reversible error. The replication to this plea presented two questions which it is unnecessary for us to determine. One was that the agree-

ment between plaintiff and defendants being for the conveyance of an interest in real estate and under seal could not be extinguished by a parol agreement between the three parties, viz, the plaintiff, defendants and the corporation. The other was that the corporation upon the date of the assignment to it of the agreement and the assumption by it of the obligations thereunder was not authorized to transact business as a corporation not having filed its articles of incorporation and the affidavit by its treasurer that 10% of its capital stock had been subscribed and paid. One of the essentials of a novation is that the promise of the new debtor must be a valid one. While there is little doubt that the cancellation of defendant's obligation under the agreement may be a sufficient consideration for the new promise of the corporation the question whether the defendants may be released from their obligation created by the sealed instrument by an agreement of less dignity of form is a question not so easily disposed of, and while the corporation's promise to pay was under the circumstances a debt of the corporation, yet it was such a debt as could be enforced against the stockholders as partners. In the case at bar the defendants and plaintiff were stockholders of the corporation, so the evidence discloses, so even if novation existed the plaintiff might, it appears, have his action nevertheless against the defendants.

The judgment is reversed.

BROWNE, C. J., AND TAYLOR AND WEST, J. J., concur.