**STANDARD ACC. INS. CO. OF DETROIT, MICH., v. FEDERAL NAT. BANK OF SHAWNEE, OKL.**

No. 2004.

Circuit Court of Appeals, Tenth Circuit.

June 12, 1940.

Rehearing Denied July 13, 1940.

Order Vacated, Rehearing Granted Aug. 1, 1940.

Clyde J. Watts, of Oklahoma City, Okl. (Jarman, Brown, Looney & Watts and Ned Looney, all of Oklahoma City, Okl., were with him on the brief), for appellant.

Mark Goode, of Shawnee, Okl. (John L. Goode, of Shawnee, Okl., was with him on the brief) for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

On December 17, 1936, Joyce and Company, a copartnership, hereinafter called Joyce, entered into a contract with the Highway Commission of Oklahoma, hereinafter called the Commission, for the construction of Highway Project 537-B in Latimer County, Oklahoma. The contract in part provided:

"No moneys, payable under contract, or any part thereof, except the estimate for the first month or period, shall become due and payable if the Commission so elects, until the Contractor shall satisfy the said Commission that he has fully settled or paid for all materials and equipment used in or upon the work and labor done in connection therewith, and the Commission, if it so elects, may pay any or all such bills, wholly or in part and deduct the amount or amounts so paid from any monthly or final estimate, excepting the first estimate."

Joyce, as principal, and Standard Accident Insurance Company of Detroit, Michigan, hereinafter called Standard, as surety, executed two bonds conditioned that Joyce would faithfully perform the terms of the construction contract and would pay for all labor and materials. By the provisions of the application for the bonds Joyce agreed that Standard, as surety, should be subrogated to all the rights, privileges and properties of Joyce, as principal, in the construction contract, and assigned, transferred, and conveyed to Standard all the deferred payments and retained percentages, and all moneys and properties that might be due and payable to Joyce at the time of a breach or default by Joyce, or that might thereafter become due and payable on account of the contract. The application for the bonds stated that payments were to be made on monthly estimates, 90 per cent thereof to be paid and 10 per cent retained.

Joyce entered into the performance of the contract. The Federal National Bank of Shawnee, Oklahoma, hereinafter called the Bank, advanced moneys to Joyce and as security therefor, on May 18, 1937, took an assignment from Joyce of Estimate No. 1. Estimate No. 1 amounted to $1,776.51.*

On July 27, 1937, the Commission declared Joyce in default in performance of the contract. At the time of the default, Joyce owed labor and material bills aggregating $2,707.85. Standard completed the performance of the contract at a cost of $8,500. It also paid the bills for labor and materials and took assignments thereof. The estimates other than the first were paid to Standard. It suffered a net loss of $1,783.07 in carrying out the contract. Standard brought this action against Joyce, the Commission, the Bank, and others claiming subrogation to the funds in the hands of the Commission covering Estimate No. 1. The Bank set up its assignment and alleged that it was filed with the Commission and accepted by it on June 21, 1937.

From a judgment denying Standard's claim of subrogation and awarding the Bank judgment against the Commission for $1,776.51, Standard has appealed.

To constitute a novation the creditor must unconditionally release the original debtor and accept a third person in his stead.[1] Clearly, the assignment did not effect a novation. It was taken as collateral security and the Bank did not discharge Joyce from its obligation to pay the loan.

On completion of the construction contract and the payment of claims for labor and materials by Standard, it was subrogated to all the securities and remedies which the Commission was capable of asserting against Joyce.[2]

Where a surety of a construction contractor, upon the contractor's default, completes the contract, and the contractee has funds in his hands earned by the contractor, the surety is entitled to be subrogated to the rights which the contractee, upon the contractor's default, could assert against such funds, to the extent necessary to reimburse the surety for the outlay made to complete the contract. This right to the funds embraces not only retained percentages,[3] but other funds earned by the contractor remaining in the hands of the contractee.[4] It extends to any earned funds

---

*The assignment was duly filed with the Commission. On June 21, 1937, it placed the following notation thereon: "This is to certify that the above described claim has been audited, approved and allowed by the Oklahoma State Highway Commission. Warrant, when payable, will be issued direct to Assignee." Estimate No. 1 has not been paid.

[1] Standard Sanitary Mfg. Co. v. Aird, 221 Ala. 520, 129 So. 285, 289;

Montgomery Bank & Trust Co. v. Jackson, 190 Ala. 411, 67 So. 235;

Mills v. McMillan, 78 Fla. 294, 301, 82 So. 812, 813;

Eastern States Refrigerating Co. v. J. W. Teasdale & Co., Mo.App., 211 S.W. 693, 695;

Cohen v. P. E. Harding Const. Co., 41 R.I. 242, 103 A. 702, 704;

Kirkman v. Farmers' Sav. Bank, 8 Cir., 28 F.2d 857, 861;

Williams v. Otis, 155 Okl. 173, 8 P. 2d 728, 729;

Tulsa Ice Co. v. Liley, 157 Okl. 86, 10 P.2d 1090, 1091.

[2] Prairie State Nat. Bank v. United States, 164 U.S. 227, 232, 17 S.Ct. 142, 41 L.Ed. 412.

[3] Prairie State Nat. Bank v. United States, supra, 164 U.S. at pages 228, 232–240, 17 S.Ct. 142, 41 L.Ed. 412;

Southern Surety Co. v. J. R. Holden Land & Lumber Co., 8 Cir., 14 F.2d 411, 413;

Maryland Casualty Co. v. Board of Water Com'rs, 2 Cir., 66 F.2d 730, 736;

Exchange State Bank v. Federal Surety Co., 8 Cir., 28 F.2d 485, 487, 488;

Claiborne Parish School Board v. Fidelity & Deposit Co., 5 Cir., 40 F.2d 577, 578, 579;

Riverview State Bank v. Wentz, 8 Cir., 34 F.2d 419, 421;

Hardaway v. National Surety Company, 211 U.S. 552, 561, 29 S.Ct. 202, 53 L.Ed. 321;

First Nat. Bank in Winfield v. Fidelity & Deposit Co., 10 Cir., 65 F.2d 959, 961, 962;

Note, 45 A.L.R. 379, et seq.

[4] Lacy v. Maryland Casualty Co., 4 Cir., 32 F.2d 48, 51, 52;

Farmers' Bank v. Hayes, 6 Cir., 58 F.2d 34, 37;

State v. Schlesinger, 114 Ohio St. 323, 151 N.E. 177, 179, 45 A.L.R. 371;

Hartford Acc. & Ind. Co. v. Coggin, 4 Cir., 78 F.2d 471, 477, 478;

First Nat. Bank of Seattle v. City Trust, Safe Deposit & Surety Co., 9 Cir., 114 F. 529, 532;

Henningsen v. United States Fidelity & Guaranty Co., 208 U.S. 404, 405, 410, 411, 28 S.Ct. 389, 52 L.Ed. 547;

held by the contractee because, on default by the contractor, the contractee upon completion of the contract itself, could recoup its loss from any funds in its hands earned by the contractor.[5]

While the breach by Joyce was subsequent to the assignment to the Bank and notice thereof to the Commission, the right to claim damages for breach of the contract existed at the time the contract was made and the Commission would have been entitled, as against the Bank, to withhold the funds in its hands, earned by Joyce, to recoup the state's loss.[6]

 While this right of subrogation accrued when Standard fully performed the construction contract, it related back to the date it entered into the contract of suretyship.[7] Hence, it was prior in time and right to the rights of the Bank under its assignment, and it could not be cut off by an intermediate assignment of Joyce to the Bank.[8]

The equities of Standard are superior to the Bank's not only because Standard's right to subrogation is prior in time, but also because it acted under compulsion of its contractual obligations and the Bank acted voluntarily in advancing the funds,[9] and notice of the suretyship contract was imputed to the Bank. It is charged with knowledge that public contractors are required to give bond conditioned for the performance of their contracts by § 10095, O.S.1931, 69 Okl.St.Ann. § 48.[10]

This right to subrogation is not dependent upon the contractual provisions found in the application for the bond. It arises independently of contract by operation of law under familiar principles of equity.[11]

It follows that the rights of Standard are superior to those of the Bank and it

Southern Ry. Co. v. Bretz, 181 Ind. 504, 104 N.E. 19, 20, 22;

O'Neil Engineering Co. v. First Nat. Bank, Tex.Com.App., 222 S.W. 1091, 1094;

Barrett Bros. Co. v. St. Louis County, 165 Minn. 158, 206 N.W. 49, 50;

Philadelphia Nat. Bank v. McKinlay, 63 App.D.C. 296, 72 F.2d 89, 92;

Morgenthau v. Fidelity & Deposit Co., 68 App.D.C. 163, 94 F.2d 632, 635, 636;

Moran v. Guardian Casualty Co., 64 App.D.C. 188, 76 F.2d 438, 439.

[5] Lacy v. Maryland Casualty Co., supra, 4 Cir., 32 F.2d at page 51;

First Nat. Bank of Seattle v. City Trust, Safe Deposit & Surety Co., supra, 9 Cir., 114 F. at pages 532, 533;

Southern Ry. Co. v. Bretz, supra, 181 Ind. 504, 104 N.E. at page 22;

American Bridge Co. of New York v. City of Boston, 202 Mass. 374, 88 N.E. 1089, 1090.

[6] Stern v. Sunset Road Oil Co., 47 Cal. App. 334, 190 P. 651, 654, 655;

American Bridge Co. of New York v. City of Boston, supra, 202 Mass. 374, 88 N.E. at page 1090;

O'Neil Engineering Co. v. First Nat. Bank, supra, Tex.Com.App., 222 S.W. at page 1094;

57 C.J. p. 487, § 155;

4 Am.Jur. p. 307, § 97.

[7] Southern Surety Co. v. J. R. Holden Land & Lumber Co., supra, 8 Cir., 14 F.2d at page 413;

Exchange State Bank v. Federal Surety Co., supra, 8 Cir., 28 F.2d at page 488;

Claiborne Parish School Board v. Fidelity & Deposit Co., supra, 5 Cir., 40 F.2d at page 579;

Farmers' Bank v. Hayes, supra, 6 Cir., 58 F.2d at page 37;

State v. Schlesinger, supra, 114 Ohio St. 323, 151 N.E. at page 179, 45 A.L. R. 371;

Prairie State Nat. Bank v. United States, supra, 164 U.S. at page 232, 17 S. Ct. 142, 41 L.Ed. 412;

Henningsen v. United States Fidelity & Guaranty Co., supra, 208 U.S. at page 411, 28 S.Ct. 389, 52 L.Ed. 547;

Barrett Bros. Co. v. St. Louis County, supra, 165 Minn. 158, 206 N.W. at page 50;

Labbe v. Bernard, 196 Mass. 551, 82 N.E. 688, 689, 14 L.R.A.,N.S., 457;

Schiska v. Schramm, 151 Or. 647, 51 P. 2d 668, 669;

Fidelity & Deposit Co. v. Union State Bank, D.C.Minn., 21 F.2d 102, 104;

Maryland Casualty Co. v. Dulaney Lumber Co., 5 Cir., 23 F.2d 378, 380.

[8] See cases cited in notes 3 and 4.

[9] Southern Surety Co. v. J. R. Holden Land & Lumber Co., supra, 8 Cir., 14 F.2d at page 413;

Riverview State Bank v. Wentz, supra, 8 Cir., 34 F.2d at page 421;

Henningsen v. United States Fidelity & Guaranty Co., supra, 208 U.S. at page 411, 28 S.Ct. 389, 52 L.Ed. 547.

[10] Maryland Casualty Co. v. Dulaney Lumber Co., supra, 5 Cir., 23 F.2d at page 380;

Derby v. United States Fidelity & Guaranty Co., 87 Or. 34, 169 P. 500, 503.

[11] Exchange State Bank v. Federal Surety Co., supra, 8 Cir., 28 F.2d at page 487;

was entitled to the funds retained by the Commission covering Estimate No. 1.

The judgment is reversed and the cause is remanded with instructions to enter a judgment adjudging that Standard's claim to Estimate No. 1 is prior and superior to the Bank's claim under its assignment, and awarding Standard its costs against the Bank. The costs in this court will be assessed against the Bank.

Reversed and remanded.

Lacy v. Maryland Casualty Co., supra, 4 Cir., 32 F.2d at page 51;

Hartford Acc. & Ind. Co. v. Coggin, supra, 4 Cir., 78 F.2d at page 477;

City of Detroit v. Fidelity & Deposit Co., 240 Mich. 213, 215 N.W. 394, 396.