### FOURTH DEPARTMENT, DECEMBER, 1943.
### (December 30, 1943.)

PARK S. HEDLEY et al., Plaintiffs, v. NEW AMSTERDAM CASUALTY COMPANY OF NEW YORK, Appellant, CHARLES J. BRIGGS, as Assignee for the Benefit of Creditors of BAREHAM AND MCFARLAND, INC., et al., Defendants-Respondents, et al., Defendants.— Judgment modified on the law in accordance with the memorandum and as modified affirmed, without costs of this appeal to any party. The findings of fact have been examined and affirmed. Memorandum: The decision of the court below was based upon its determination that the assignment to the bank was in accordance with and not contrary to the provisions of the Lien Law. The contractor and the bank as its assignee, however, were both bound by the terms of the contract and the contractor could not transfer by assignment nor could the assignee receive anything which the contractor was not entitled to under its contract. (*Scarsdale Nat. Bank & Trust Co.* v. *U. S. Fidelity & Guar. Co.*, 264 N. Y. 159, 162.) The contractor obligated itself to the State to pay all claims for labor and material. It agreed that the last payment would not be made until it had furnished satisfactory evidence that there were no outstanding liens or claims for materials furnished or labor performed. This was for the benefit of the State. The State was further secured by its right to withhold retained percentages and by the labor and material bond. When the surety executed the labor and material bond it acquired an equitable lien on moneys earned by the contractor which became available when it paid the loss. Such lien was superior to the assignment. (*Scarsdale Nat. Bank & Trust Co.* v. *U. S. Fidelity & Guar. Co.*, 264 N. Y. 159, 164, *supra*.) In the *Scarsdale* case the contractor's default was in the performance of the work. In this case it defaulted in its obligation to pay labor and materialmen but the legal principles involved are the same. (See *Haverstick* v. *Sheirich*, 304 Penn. St. 437; *Wasco County* v. *New England Equitable Ins. Co.*, 88 Ore. 465; *First National Bank* v. *Pesha*, 99 Neb. 785; *Martin* v. *National Surety Co.*, 300 U. S. 588; *Municipal Housing Authority* v. *Hatfield Elec. Corp.*, 264 App. Div. 99; *Century Cement Mfg. Co.* v. *Fiore*, 264 App. Div. 475.) The question of the surety's right to subrogation was presented to the trial court but so far as appears from the memorandum of decision was not directly passed upon. The judgment appealed from should be modified by directing that after the payment of the sum of $952.51 to Briggs as assignee, the balance be paid to the New Amsterdam Casualty Company to apply on its claim for moneys expended by it for payment of labor and material claims. All concur, except Taylor, J., who dissents and votes for reversal and for judgment as demanded by the appellant. (The judgment adjudges defendant casualty company not to have a lien on certain funds ahead of those of certain other defendants, and directs payment of the funds according to the terms of the judgment, in an action to foreclose

a mechanic's lien upon a public improvement.)  Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.