**Jack SPURLIN, Appellant,**

v.

**Odes SLOAN and Spencer Sloan, d/b/a Sloan Construction Company and Arvie Burchett, Appellees.**

Court of Appeals of Kentucky.

May 31, 1963.

C. Kilmer Combs, Ashland, for appellant.

Clark Pratt, Hindman, for appellees.

EARL T. OSBORNE, Special Commissioner.

This is an action by Jack Spurlin against Arvie Burchett in which Spurlin obtained judgment in the Floyd Circuit Court and attached money due Burchett for work performed upon a project in Lawrence County by the Department of Highways. The question is the priority of an attachment lien over a previous assignment of money due the assignor.

Prior to the execution of the attachment, Burchett had made an assignment to Spencer Sloan and Odes Sloan, d. b. a. Sloan Construction Company, of the funds due him by the Department. The assignment was for the purpose of settling partnership accounts between Burchett and the Sloans.

On November 17, 1959, Burchett and the Sloans had entered into a contract with the Commonwealth for the construction of a road in Lawrence County with the understanding that each party was to perform a specified portion of the work and to receive his share of the contract money to be apportioned in accordance with the proportion of work performed. On September 20, 1960, the Lawrence County contract had been completed and there was due to the partnership of Burchett and Sloan the sum of $6,613.40. Of this amount there was due Spencer and Odes Sloan the sum of $2,890.-76 and to Burchett the sum of $3,722.64. On September 20, 1960, Burchett, in order to settle his accounts with the Sloans for the sum of $3,743.06, which was owing them for their work on the Lawrence County job, assigned to the Sloans his right, title and interest in the funds due under the Lawrence County contract. This assignment provided that the money was to be paid to the Bank of Hindman to pay off a loan to the Sloans in the amount of $5,047.27. The assignment directed the Commonwealth to pay the full amount due to the Bank of Hindman, and the bank was authorized to receive the funds and first apply them to the payment of the indebtedness of the Sloans

and then distribute the remainder as directed in the assignment. There was not a sufficient amount due to Burchett to pay the full amount of his indebtedness to the Sloans.

A copy of the assignment was sent to the Department of Highways on October 17, 1960. The Department advised the parties that it could not be a party to the assignment but that it would comply by mailing any amount due under the contract to the Bank of Hindman. Thereafter, the Department marked its books and set up the payments to be made in this manner. However, before the check was mailed to the Bank, the plaintiff caused an attachment to be issued, which was served on April 12, 1961, upon the Department. As garnishee, the Department then paid the funds into the circuit court to await an adjudication of the rights of the parties in this action.

It is the contention of the plaintiff, Jack Spurlin, that he has a prior right to that portion of the funds which belonged to Burchett under the highway contract as a result of his attachment herein. It is the contention of the defendants herein, Odes and Spencer Sloan, that the assignment was complete and final and the attachment created no lien.

Prior to the enactment of Chapter 355 of the Kentucky Revised Statutes, which is commonly referred to as the Uniform Commercial Code, there was no doubt under the laws of this Commonwealth but what the attachment would have been ineffective against the assignee of these funds. In the case of R. C. Poage Milling Co. v. Economy Fuel Co., Ky., 128 S.W. 311, it was held where one assigned to a bank certain accounts, absolutely agreeing to collect and account for same to the bank without expense to it and to also deliver to it duplicate bills which it might collect through its own channels, if it so elected, there was an unconditional assignment of the funds, and an attaching creditor of the assignor obtained no interest in them.

It is contended by the appellant in this case that the assignment transferred a significant part of the outstanding contract rights of the defendant, Burchett, and was not perfected because it was not filed or otherwise noted of record in the county of Burchett's residence, and that the appellant became a lien creditor without knowledge of the assignment, which was never perfected and, therefore, has a prior right to these funds under the provisions of KRS 355.9–301 (1–b).

The above cited section of the statutes reads as follows:

"Except as otherwise provided in subsection (2), an unperfected security interest is subordinate to the rights of (b) a person who becomes a lien creditor without knowledge of the security interest and before it is perfected."

We are of the opinion that appellant is in error in his contention. It will be noted that the above section only pertains to "Security interest." Under KRS 355.1–201(37) we find "Security interest" defined as follows:

" 'Security interest' means an interest in personal property or fixtures which secures payment or performance of an obligation. The retention or reservation of title by a seller of goods notwithstanding shipment or delivery to the buyer (KRS 355.2–401) is limited in effect to a reservation of a 'security interest'. The term also includes any interest of a buyer of accounts, chattel paper, or contract rights which is subject to Article 9. The special property interest of a buyer of goods on identification of such goods to a contract for sale under KRS 355.2–401 is not a 'security interest', but a buyer may also acquire a 'security interest' by complying with Article 9. Unless a lease or consignment is intended as security, reservation of title thereunder is not a 'security interest' but a consignment is in any event subject to the provisions on consignment sales (KRS 355.2–326). Whether a lease is intended as security is to be determined by the facts of each case; however, (a) the inclusion of an option to purchase does not of itself make the lease one intended for security, and (b) an agreement that upon compliance with the terms of the lease the lessee shall become or has the option to become the owner of the property for no additional consideration or for a nominal consideration does make the lease one intended for security."

The assignment between Burchett and the Sloans was not a security transaction as contemplated by the above statutes. This assignment was an absolute assignment of a right to collect money due and owing. It was also not an assignment of "Contract right" as contemplated by the Commercial Code. KRS 355.9–106 defines "Contract right" as follows: " 'Contract right' means any right to payment under a contract not yet earned by performance and not evidenced by an instrument or chattel paper."

The obligation of the State Highway Department to Burchett was no longer a "Contract right" as it had already been earned by performance. We are of the opinion it was an "Account," as defined by the above statute, and as such its absolute assignment for the payment of a past due obligation was not a security transaction.

For the above reasons we are of the opinion that no part of KRS 355, commonly referred to as the Uniform Commercial Code, applies to a written assignment of funds presently due and owing for the purpose of liquidation or satisfying a prior existing obligation. Therefore, the judgment of the trial court is affirmed.

The opinion is approved by the Court and the judgment is affirmed.