NATIONAL SURETY CORPORATION et al., Appellants,

v.

The STATE NATIONAL BANK OF FRANKFORT, Kentucky, Appellee.

The STATE NATIONAL BANK OF FRANKFORT, Kentucky, Cross-Appellant,

v.

VEST & BARTELL, Cross-Appellees.

Court of Appeals of Kentucky.

May 22, 1970.

————◆————

Ben B. Fowler, Dailey & Fowler, Frankfort, for National Surety Corp. and Vest and Bartell.

Allen Prewitt, Sr., Frankfort, for State National Bank of Frankfort.

OSBORNE, Judge.

At issue in this case is who, as between a surety company on a contractor's performance bond and a lending bank, is entitled to collect payments for work performed by a defaulting contractor? The facts of the case are as follows:

In March of 1966, Ronald Pulliam entered into a contract with the Whittenberg Engineering and Construction Company to perform electrical work in the construction of a dormitory on the campus of Morehead University. In October of 1966, the same parties entered into a similar contract in connection with the construction of a science building on the same campus.

In addition to these jobs, Pulliam had other contracts under way. It appears that Pulliam used the periodic payments from these jobs to meet weekly payrolls and bills from suppliers of materials. However, since income from the jobs did not always coincide in time with the payment of bills, he had an arrangement with the State National Bank of Frankfort to periodically borrow money in order to meet payrolls. On July 3, 1967, Pulliam made an assignment to the bank of all amounts due from the Whittenberg Engineering account. He also executed a financing statement in favor of the bank which was duly recorded in the Franklin County Court Clerk's office on July 3, 1967. The National Surety Corporation executed performance bonds for Pulliam upon both of the above-mentioned jobs. Sometime in September, 1967, Pulliam notified National Surety that because of financial difficulties he would be unable to complete the contracts and requested them to come in and take over the jobs. On September 13, National sent their agent, Mr. Meeker, to Pulliam's office for the purpose of taking over the contracts. When Mr. Meeker arrived in Pulliam's office, the following conversation took place:

Meeker: "Do you have the money for this week's payroll?"

Pulliam: "I do not have the money, but I can borrow it from the Bank against checks from Whittenberg that are to go to the Bank."

Meeker: "That arrangement would be fine. Next week, we will have National's checks printed ready to take up the payroll."

On the basis of this conversation, Pulliam secured a loan of $11,000 from the State National Bank in order to meet the week's payroll. Simultaneously, he executed an assignment of all funds due for work done to the National Surety Corporation. As a result, Whittenberg and the Commonwealth of Kentucky paid the funds over to National Surety Corporation. The bank instituted this action against National Surety for recovery of the funds.

After trial, judgment was entered in Franklin Circuit Court in favor of the bank against the appellant, National Surety Corporation, for the sum of $11,000, with interest at the rate of six percent from Sep-

tember 14, 1967, subject to a credit of $6475.59 which had previously been paid by Pulliam. We are of the opinion the judgment should be affirmed.

Many issues are discussed by the parties in their briefs which we do not believe to be germane to the question actually presented by this record. It is insisted by appellants that they are entitled as a matter of equity to be subrogated to all funds due from the prime contractor. They contend this right is inherent to one who executes a performance bond and the right arises at the time the bond is executed, and may be asserted even though no public notice is given by the filing of a financing statement or otherwise. Their support for this contention is found in Pearlman v. Reliance Insurance Co., 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190 and Prairie State Nat. Bank v. United States, 164 U.S. 227, 17 S. Ct. 142, 41 L.Ed. 412.

■■ They further contend that the Uniform Commercial Code does not require the filing of a financing statement by a surety company that has executed a performance bond for a contractor. In support of this they cite Jacobs v. Northeastern Corp., 416 Pa. 417, 206 A.2d 49. We are not in disagreement with either of these positions. We recognize that the great weight of authority is to the effect that the bonding company is entitled to be subrogated to the rights of the contractor in proceeds of the contract as against one asserting claims for money loaned or advanced to the building contractor. Anno. 127 A.L.R. 974, 164 A.L.R. 782. This is true even where there is an assignment of the right to collect the funds by the contractor to the bank or other lending institution as there was in this case. See Anno. 76 A.L.R. 917, where the rule is stated thusly:

"It is generally held that a stipulation for the retention of a certain percentage of the consideration for the protection of materialmen, workmen, etc., is in part an indemnity for a surety who guar-

antees the performance of the contract by the contractor, and that it raises an equity in his favor in the fund thus created, or to be created, to the extent he suffers loss, which takes precedence over assignments of the fund by the contractor."

To the same effect are the following cases which have been rendered since the date of the Annotation: First Nat. Bank of St. Paul v. M. E. I., 273 Minn. 407, 141 N.W. 2d 491; Commercial Bank in Panama City v. B. of P.I. (Fla.) 55 So.2d 552; Danaias v. M. De M. C. Co. (D.C.N.H.) 102 F. Supp. 874; Murphy v. N. P. Co., 229 Wis. 100, 281 N.W. 705; Fidelity Nat. Bank of Oklahoma City v. U. S. C. Co., 191 Okl. 496, 131 P.2d 75; Hedley v. N. A. C. Co., 267 App.Div. 800, 46 N.Y.S.2d 388; Century Cement Mfg. Co. v. Fiore, 264 App. Div. 475, 36 N.Y.S.2d 332; Jackson Lumber Co. v. Moseley, 193 Miss. 804, 11 So. 2d 199; First Nat. Bk. in Winfield, Kan. v. Fidelity & Dep. Co. of M., 10 Cir., 65 F. 2d 959; Maryland Casualty Co. v. City of Pittsburgh, D.C., 51 F.Supp. 459; Maryland Cas. Co. v. Lincoln Bank & T. Co., D.C., 18 F.Supp. 375; U. S. Fidelity & Guaranty Co. v. Bank of Brewton, D.C., 4 F.Supp. 272; Standard Acc. Ins. Co. v. Fed. Nat. Bank, 10 Cir., 112 F.2d 692; Maryland Casualty Co. v. Board of Water Com'rs, 2 Cir., 66 F.2d 730; Farmer's Bk. v. Hayes, 6 Cir., 58 F.2d 34. The reason most cited for the foregoing rule is the obvious fact that the bond executed by the surety is to protect the builder and not others who might extend credit to the contractor. If the contract is completed according to its terms then there is no violation as far as the builder is concerned, therefore, no breach upon which to base a claim against the bondsman.

We have two cases which go against the great weight of authority. They are Movl Construction Company v. Covington Trust and Banking Company, 258 Ky. 485, 80 S.W.2d 560 and Southern Exchange Bank v. American Surety Co., 284 Ky. 251, 144 S.W.2d 203.

In York v. Cline Construction Company, Ky., 336 S.W.2d 34, we recognized the weakness of these cases, yet for some strange reason failed to overrule them. It is now our opinion that they are so contra to the well-established law, that for the purpose of clarification, they should be overruled.

Be all of the foregoing as it may, the facts of this case do not make it one for equitable subrogation. When National Surety's agent took over the affairs of Pulliam and determined there were insufficient funds to meet the weekly payroll the obligation for the payroll was then that of National Surety Corporation. When Mr. Meeker acquiesced in Pulliam's plan to go to the bank and secure these funds the loan was obtained for the benefit of National Surety. National Surety at that time knew of the assignment of Pulliam to the bank and therefore was obligated to do nothing to subvert the right of the bank to collect legitimate funds to satisfy loans made under this agreement. The contract for the $11,000 made by Pulliam with the acquiescence of National Surety was in effect a contract for the benefit of National Surety who did, in fact, receive full benefit of these funds and accordingly incurred the obligation to repay them. Furthermore, the assignment to National Surety made by Pulliam at the time they took over the jobs could not affect the previously valid assignment made to State National. If the assignment were for money due and owing, it was not necessary that this instrument be recorded at all. See Spurlin v. Sloan Const. Co., Ky., 368 S.W.2d 314. The judgment is affirmed upon direct appeal. There is also a cross-appeal in this case by the bank from so much of the judgment of the circuit court as discharges certain garnishees. We are of the opinion that it should likewise be affirmed.

Judgment affirmed.

MILLIKEN, REED and NEIKIRK, JJ., concur.