QUESTIONS: 1. Can a federal savings and loan association charge a fee of 1 percent of the mortgage balance assumed, with a $100 minimum, for its approval in a transfer situation when a new purchaser assumes and agrees to pay the mortgage balance assumed? 2. Is a Florida documentary stamp tax payable by the prospective purchaser of the house previously financed with the federal lender a valid charge under Florida law?
SUMMARY: There are no statutes or regulations prohibiting a federal savings and loan association from charging a purchaser a 1 percent fee with a $100 minimum for the assumption of a mortgage. However, such a fee must be reasonable in relation to the services rendered and if unwarranted by the services rendered may violate the usury law. Documentary stamp taxes are payable on a mortgage assumption agreement only when the original mortgagor is released. AS TO QUESTION 1: As a general rule a mortgagor retaining fee title has complete freedom to dispose of his interest and a mortgagee has no voice in the sale and is powerless to prevent it. Slottow v. Hull Inv. Co., 129 So. 577 (Fla. 1930). The same is also true of the assumption agreement between seller and purchaser. A mortgagee is powerless to prevent a purchaser's assumption of the mortgage, and his consent thereto is not necessary, and such an agreement is binding between the grantor and the grantee from the moment of its execution; but the mortgagee cannot be compelled, without his consent, to accept an assumption of the debt by the purchaser of the mortgaged premises, and the contract inures to his benefit only after his acceptance thereof. [(See) 59 C.J.S. Mortgages s. 408 (1949).] See also Slottow v. Hull Inv. Co., supra, and 22 Fla. Jur. Mortgages s. 455. It may be stated as a general rule that additional charges by a lender for necessary expenditures incidental to making the loan or which constitute reasonable fees for services actually rendered by the lender to the borrower will not render the transaction usurious. . . . The mere labeling of certain payments as service charges, however, will not alone insure the validity of such charges. The charges must be made for services actually rendered to the borrower and not intended merely to provide a vehicle for avoiding the usury laws. [R. Kratovil, Modern Mortgage Law
and Practice, Ch. 14, s. 161, at 103 (1972).] (Emphasis supplied.) Florida courts have recognized that a lender may legitimately require the borrower to pay actual reasonable expenses incurred in processing and closing a loan. Mindlin v. Davis, 74 So.2d 789
(Fla. 1954). The Savings Association Act, s. 665.401, F.S., in particular also recognizes the propriety of certain charges. This act is made expressly applicable to federal savings and loan associations by s. 665.511, F.S. 665.401 Loan expenses. — (1) FEES AND CHARGES. — . . . Every association also may require borrowing members to pay the cost of all other necessary and incidental services rendered by the association or by others in connection with real estate and other loans in such reasonable amounts as may be fixed by the board of directors. . . . Such initial charges may be collected by the association from the borrower. . . . The fees and charges authorized by s. 665.391 and this section shall not be deemed to be a part of the interest collected or agreed to be paid on such loans within the meaning of any law of this state which limits the rate of interest which may be exacted in any transaction. . . . (Emphasis supplied.) As you indicated in your letter, the general practice of mortgage lenders in Florida has been to charge a minimal "transfer fee" of $25 to $50 for its services in transferring a mortgage loan from a seller to his purchaser. This fee is collected from the purchaser. Your question is whether a federal savings and loan association can charge the purchaser a fee of 1 percent of the mortgage balance with a $100 minimum before approving the assumption of a loan by the purchaser. I am unable to find any federal statute or regulation concerning charges made by savings and loan associations in assumption of mortgage situations. I am told by the Federal Home Loan Bank in Atlanta, which governs the regional federal savings and loan associations, that there are no regulations governing transfer fees or assumption fees and that the amount is determined by what the traffic will bear. Therefore, it appears that such a charge is not unlawful unless it is unreasonable or actually constitutes interest so that when included with the stated interest would result in a usurious interest rate. If the required approval and consent of the lender that is stated in your request is indicative of novation which would release the original mortgagor and substitute the purchaser, then such a charge would be similar to an initial charge and would not appear to be unreasonable or usurious. Many of the same services necessary for an initial approval would be necessary for a substitution and release of parties to the mortgage. I am informed that it is customary among Florida lenders to charge about 2 percent of the mortgage loan for services rendered in approving and closing a loan. In Georgia, lenders have charged as much as 5 percent for assumption fees when a novation is involved. Thus, I am of the opinion that a fee of 1 percent of the assumed mortgage balance is not per se unreasonable and would not be usurious if levied for necessary services actually rendered by the association. See s. 665.401, supra. (It is of interest that, during its last session, the Georgia Legislature passed a bill limiting transfer fees to not exceed 1 percent of the outstanding loan balance when a novation occurs and the greater of
$75 or one-half of 1 percent of the outstanding loan balance when the grantor is not released from the obligation.) The proposed 1 percent charge for a simple transfer of parties without a release, however, appears to be much more difficult to sustain. Whether this fee would be reasonable for the service rendered is, of course, a question of fact of which I can make no definitive determination. But if the $25 to $50 fee customarily charged is reasonable for the apparent minimal service performed, the burden and the risk would certainly be upon a lender charging a 1 percent fee with a $100 minimum. If such a charge is not warranted by the services rendered, then merely labeling it an "assumption fee" or "transfer fee" would not prevent it from being added to the interest rate charged for usury purposes. The purpose of the usury statute is to protect necessitous debtors from charges payable by the borrower, in addition to the stated interest, that will increase the yield to the lender above the amount allowed by law. See AGO 074- 278. AS TO QUESTION 2: Whether an assumption of mortgage agreement between the mortgagor and his grantee is subject to the documentary stamp tax has been the subject of prior opinions of this office. In AGO 062-157, it was concluded that no tax was due on the assumption agreement when the original obligor (mortgagor) is not released therefrom. There remains a single written obligation to pay that is not increased and the assumption operates merely as additional security for its payment. Rule 12A-4.54(24), F.A.C. However, when the assumption agreement releases the mortgagor, a novation has occurred with the existing obligation being discharged and replaced with a new obligation. United Bonding Insurance Co. v. Southeast Reg. Bldrs., Inc., 236 So.2d 640 (1 D.C.A. Fla., 1970); Mills v. McMillan, 82 So. 812
(Fla. 1919). This new obligation would be subject to the documentary stamp tax pursuant to s. 201.08, F.S. Attorney General Opinion 062-43; Rule 12A-4.53(19), F.A.C.; see also AGO 073-67.