HAROLD L. ICKES, *Appellant*, v. PHELPS-HENDRICKSON COMPANY, A CORPORATION, FRED L. KRIEBEL, CHARLES O. REYNOLDS, EAST COAST DEVELOPMENT COMPANY, A CORPORATION, FORT PIERCE BANK AND TRUST COMPANY, A CORPORATION, *Appellees*.

Division B.

Opinion Filed April 5, 1927.

Petition for rehearing denied June 23, 1927.

Where rights depend upon steps to be taken under an agreement and the agreement is superseded and rendered inoperative, such contingent rights fail when not secured by other means.

An Appeal from the Circuit Court of St. Lucie County; Elwyn Thomas, Judge.

Decree affirmed.

*John W. Dodge,* for Appellant;

*Kay, Adams, Ragland & Kurz,* for Appellees.

WHITFIELD, P. J.—The bill of complaint filed herein by Ickes contains allegations in substance that the East Coast Development Company, a corporation, is, subject to certain trust deeds securing a bond issue and promissory notes, aggregating $50,000.00 and $150,000.00 respectively, the owner of described lands; that George C. Priestly was the president of the defendant East Coast Development Company and owned considerable of the capital stock of said company; that the company was in default in the payments due on its bonded and other indebtedness; that Priestly sought the services of complainant Ickes in procuring a re-financing of said defendant company; that as part compensation to the complainant for services of complainant in performing legal services for said company and in endeavoring to interest various persons, firms or organizations in the re-financing of said East Coast Development Company, said Priestly agreed to and did, on or about November, 1924, out of his holdings of capital stock of said East Coast Development Company, turn over and deliver to complainant five hundred shares thereof. As further compensation for such and further services. it was agreed between the said complainant and said Priestly as president of said company that the said complainant should have the right, as a part of said re-financing program, to participate in a substantial way in the selling and disposing of the said lands and real estate of said defendant East Coast Development Company.

About, to-wit, October 7th, 1924, a proposition was made by the defendant East Coast Development Company to defendants, Fred L. Kriebel and C. O. Reynolds, with whom complainant and said Priestly had been negotiating for some time prior thereto, under which a re-financing program and plan for the defendant East Coast Development Company might be carried. The said defendants Kriebel and Reynolds had theretofore represented to said complain-

ant and said Priestly that they had interested in the re-financing program one John I. Beggs, of Milwaukee, Wisconsin, a capitalist, director, officer and stockholder of various banks and public utilities company, and that the said Beggs would aid in the re-financing of said East Coast Development Company by purchasing the said five hundred thousand dollars of bonds at eighty per cent of their face value, plus interest due prior to January 1, 1925, and would also pay for the said mortgage notes thereafter issued under said mortgage or trust deed dated, to-wit, January 1, 1925, conveying the lands therein described, the face value, or one hundred and fifty thousand dollars, the said Beggs to receive at least fifty-one per cent of the capital stock of said East Coast Development Company, and to be given an option on one thousand acres of said land at sixty dollars per acre. The said moneys derived from the said sale on said notes aggregating one hundred and fifty thousand dollars, were to be used for the payment of the indebtedness of said East Coast Development Company, except fifty thousand dollars, which was to be extended for one year, and said fifty thousand dollars and whatever balance remaining after payment of debts was to be advanced to a selling agency, which selling agency was to purchase and sell said lands and real estate of said East Coast Development Company under an agreement whereby the said selling agency or organization should pay to the said East Coast Development Company for all the lands and real estate above described, free and clear of all liens, a sum of money equal to the aggregate amount of the indebtedness secured by said mortgage dated Dec. 31, 1920, and the one to be made later, which was dated Jan. 1, 1925, and in addition thereto, an amount of money equal to the par value of all the capital stock of said defendant East Coast Development Company then issued or to be issued, being approximately one million dollars. In substance, the said

letter of Oct. 7, 1924, to said defendants Kirebel and Reynolds outlined the program above mentioned. On or about October 13, 1924, the said complainant and defendants Kirebel and Reynolds, made and entered into the following agreement in writing, which is in words and figures as follows; to-wit:

MEMORANDUM OF AGREEMENT BETWEEN FRED L. KRIEBEL, C. O. REYNOLDS AND HAROLD L. ICKES, ALL OF CHICAGO, ILLINOIS, Dated October 13, 1924.

If the plan of recapitalization of the East Coast Development Company of Florida, as outlined in the letter of that Company by George C. Priestly, president, dated October 7, 1924, and addressed to the said Kriebel and Reynolds, goes through, then it is the purpose of the said Kriebel, Reynolds and Ickes to form an organization to acquire and sell the land of the East Coast Development Company.

The said Kriebel and Reynolds shall be entitled to receive jointly 50 per cent of the net profits of such selling organizations; they shall have the right to apportion an additional 20 per cent among persons whom they shall actively interest in the affairs of the said selling organization and the said Ickes shall be entitled to the remaining 30 per cent of the net profits.

The Ickes shall be the attorney for the selling organization at a reasonable compensation hereinafter to be agreed upon. His compensation as attorney and the compensation of the said Kriebel and Reynolds for services performed by them in connection with the selling organization shall be charged upon the gross profits of the selling organization to be deducted before the net profits are apportioned as set forth.

As part of the re-financing plan the East Coast Development Company will make over to the said Kriebel, Reynolds and Ickes 2800 shares of the capital stock of that

company as compensation for their services in helping with the re-financing. It will also secure for the said parties options to buy 1400 additional shares of the capital stock of the company at 60, said options to run one year from the date they may be severally obtained. It is understood that the 1400 shares at 60 shall be paid for out of the profits of the selling organization. Out of the total of 4200 shares of capital stock referred to, such part as may be necessary shall be given as a bonus to the party or parties advancing money to assist in the re-financing of the company and the balance remaining over and above such bonus shall be divided equally between the parties hereto.

If and when the proposed new financing is done and the selling organization effected a formal contract shall be executed between the parties to this Memorandum of Agreement.

(Signed Fred L. Kriebel<br>C. O. Reynolds<br>Harold L. Ickes.

Thereafter, on November 8, 1924 the said defendant East Coast Development Company, by its president George C. Priestly, made a proposal in writing to said defendants Kriebel and Reynolds, which set forth in substance the said re-financing plans and program to be made with the said Beggs above mentioned and described, which said letter of November 8, 1924, and the acceptance thereof by said defendants Kriebel and Reynolds, are in words and figures as follows, to-wit:

November 8, 1924.

Messers. Fred L. Kriebel and C. O. Reynolds, Chicago, Illinois.

Dear Sir:

We offer to sell to you $500,000 (entire issue) of the First Mortgage 8 per cent bonds of the East Coast

Development Company of Florida secured by mortgage on 25,000 acres of land, more or less, in St. Lucie County, Florida, dated January 1, 1920, and due January 1, 1927, with coupons due on and after January 1, 1925, attached at 80 and interest from July 1, 1924, with the understanding that we are to make delivery of at least $251,000 of said bonds in one block and the balance from time to time as we may be able to get them in.

We will make a new mortgage of $150,000 to run for two years at 8 per cent interest payment semi-annually, on 2700 acres of land. 640 acres of this land is under the present mortgage, but will be released by the payment to the trustee of $22,400 (which will provide funds in the hands of the trustee to pay the interest coupons due January 1, 1925, on the $500,000 bonds.) Of these 2700 acres, 1200 acres comprise the townsite of Indrio. We will sell this $150,000 mortgage to you at par. Or, if you prefer this obligation will be made in the form of bonds secured by First Mortgage on these 2700 acres of land.

This sum of $150,000 will pay all indebtedness of the company, except $50,000 which will be extended for one year, and provide working capital of $68,000, of which $50,000 is to be paid to the selling agency.

Upon the purchase of not less than $250,000 of the present mortgage bonds at 80 and interest, and the purchase of the new mortgage or bonds for $150,000 we will issue to you or your nominee or nominees, 4250 of a total issue of 8400 shares of the common stock of the East Coast Development Company.

We will have the company execute a contract with a selling agency to be named by you for all of the land the company owns to net the company $1,788,000, which sum will pay overhead, interest and taxes for two years; retire both bond issues at maturity; and liquidate all stock outstanding at par. The selling agency is to pay for what-

ever development it thinks necessary to insure quick sales of the land.

Upon consummation of the deal the present Board of Directors will resign and you can put in your Board, if you so desire. You may also move the office of the Company from Philadelphia.

We are ready to enter into a written contract in comformity with this proposal if acceptable to you. We shall appreciate a prompt reply.

This letter supersedes and takes the place of a letter dated October 7, 1924.

Yours very truly
East Coast Development Company.
By George C. Priestly,
President.

Accepted Nov. 12, 1924,
Chas. O. Reynolds,
Fred L. Kriebel.

On November 8, 1924, an agreement was made in writing between said Priestly, defendants Reynolds and Kriebel, and complainant which said agreement is in words and figures as follows, to-wit:

MEMORANDUM OF AGREEMENT DATED November 8, 1924, BETWEEN GEORGE C. PRIESTLY of Philadelphia, Pennsylvania, and FRED L. KRIEBEL, C. O. REYNOLDS, and HAROLD L. ICKES, all of Chicago, Illinois.

The said Priestly undertakes to supply 1450 shares of the present common stock of the East Coast Development Company in order to make effective a proposition made under this date by himself as the President of that Company to the Kriebel and the said Reynolds. The said

Priestly is to have a free hand in acquiring these shares and also in purchasing or negotiating for the purchase of any of the bonds of the company. If necessary to acquire by purchase any part of these 1450 shares of stock the said Kriebel, Reynolds and Ickes, as participators in a proposed selling organization, to acquire and sell the present holdings of the company, bind such selling organization without personal liability on the part of any of them to enter into agreements with the persons selling such shares to pay out of the first net profits accruing to such proposed selling organization an amount not greater than $100.00 per share.

(Signed) Geo. C. Priestly; C. O. Reynolds; Fred L. Kriebel, Harold L. Ickes.

In accordance with the understanding between complainant and Priestly and said defendants Kriebel and Reynolds, the said defendants Kriebel and Reynolds, upon receipt of said letter or proposal dated November 8, 1924, from said East Coast Development Company, made a similar and identical proposal in writing to said John I. Beggs, which proposal was by him accepted.

Other allegations show the consummation of contract relations for the sale of the lands, that do not include Ickes as a part of the selling agency. Complainant prays for a decree awarding him an interest in the property and in the selling provisions of the contracts between the East Coast Development Company and Phelps-Hendrickson Company, a corporation formed by Kriebel and Reynolds.

Complainants rights depend upon a memorandum of agreement dated October 13, 1924, stating that ''if the plan of recapitalization of the East Coast Development Company of Florida, as outlined in the letter of that company by George C. Priestly, president, dated October 7, 1924, and addressed to the said Kriebel and Reynolds goes through, then it is the purpose of said Kriebel, Reynolds and Ickes to

form an organization to acquire and sell the land of the East Coast Development Company."

The letter of October 7, 1924, is not in the record, but the bill of complaint shows it related to financing the indebtedness of the East Coast Development Company.

The memorandum of agreement dated October 13, 1924, also stated that "if and when the proposed new financing is done and the selling organization effected a formal contract shall be executed between the parties to this memorandum of agreement."

Signed    "Fred L. Kriebel,

C. O. Reynolds,

Harold L. Ickes."

As the letter of October 7, 1924, was superseded by the letter of November 8, 1924, from the East Coast Development Company to Kriebel and Reynolds, containing quite different provisions, the complainant's alleged equity has no predicate, in the absence of allegations showing an equity notwithstanding the elimination of the letter of October 7, 1924.

The memorandum of agreement of November 8, 1924, signed by Priestly, Reynolds, Kriebel and Ickes, does not create the equity claimed by Ickes.

As the allegations are insufficient to state an equity for the relief prayed, the decree sustaining the demurrer and dismissing the bill of complaint is affirmed.

TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion.