D. E. MURPHY, *Plaintiff in Error*, v. J. B. GREEN, *Defendant in Error*.

135 So. 531.

En Banc.

Opinion filed June 23, 1931.

*Oxford & Cutts,* for Plaintiff in Error;
*Johnson, Bosarge & Allen,* for Defendant in Error.

Andrews, Commissioner.—This cause is here upon writ of error to the circuit court of Polk County, to review a judgment entered against D. E. Murphy, as defendant below and in favor of J. B. Green, as plaintiff below in an action based upon a claim for commission in sale of certain real estate.

The declaration after setting up the usual common counts, in substance alleges in a special second count that defendant D. E. Murphy entered into a contract with J. B. Green, plaintiff, wherein the former promised the latter that if he would sell the 230 acres of land described that Green could have as a consideration for selling the property any sum of money in excess of $100.00 per acre received as the purchase price from the buyer; that on September 16, 1925, the property was sold to Hugh Wear for $115.00 per acre which sale was duly consummated between Wear as purchaser, and Murphy as seller; that as a result the defendant became indebted to plaintiff in the sum of $3450.00 as commission, $1150.00

of which had been paid; that it was agreed that $1150.00 should be paid one year from Nov. 2, 1925, and the balance in like amount in two years from said date, bearing interest at 7% until paid; that though demand has been made, defendant refused to pay the said two sums or the interest thereon.

On July 2, 1928, the defendant filed his pleas to the common counts that he was not indebted nor did he promise as alleged; and for a third special plea defendant set up that he agreed to sell the property "to the plaintiff, for the sum of $100.00 per acre and that the plaintiff, before taking deed to said land sold the same to Hugh W. Wear for $115.00 per acre," and that before taking title, the latter purchaser sold the property to Earle W. Webb for $135.00 per acre who was to pay one-third cash; that it was finally agreed by and between all parties that Webb was to be regarded as the original purchaser to whom conveyance by this plaintiff should be made; that the deed was made to Webb who paid one-third in cash and gave two notes secured by a mortgage on the same property to defendant for the remaining two-thirds, the notes being payable on Nov. 2, 1926, and on Nov. 2, 1927, respectively; that "defendant was to pay to plaintiff the difference in the purchase price of one hundred ($100.00) Dollars per acre and one hundred fifteen ($115.00) Dollars." The plea further alleges "that he gave this plaintiff, as evidence of the said indebtedness," one note for $1150.00 due Nov. 2, 1926, and one in like amount due Nov. 2, 1927; that "the same was not to be paid except as the money was received from the said Earle W. Webb;" that each of the two notes contained the provision that:

> "This note is binding only in the event that the note held by D. E. Murphy of the same date is paid to him by Earle W. Webb, otherwise this note is null and void;"

that the same were taken in full satisfaction and dis-

charge of the cause of action here sued upon in said special count and are still in possession of the plaintiff; and that said Earle W. Webb has failed and refuses to pay either of the said deferred payments on the land and therefore the defendant is not liable on the two conditional notes.

On July 15, 1929, by stipulation of parties the plaintiff added a third and fourth special counts to his declaration setting up and exhibiting as the causes of action respectively the said notes referred to in defendant's *third* plea, which notes had fallen due since the filing of the original declaration. The defendant filed his plea to said third and fourth counts in due course admitting the execution and the terms of said notes but alleged that the said notes described in said additional third and second counts of the declaration had not been paid because the said Webb had failed and refused to pay the said former notes secured by the mortgage made by Webb to Murphy and that only upon the payment of said notes could defendant become liable for the payment of the said last notes which were made payable to plaintiff Green. The plea further alleges that the mortgage securing the two prior notes of Nov. 2, 1925, executed by Webb to defendant had to be foreclosed against the said Webb because of default in payment, upon which a final decree had been entered and that the property was bought in by defendant Murphy and the sale confirmed by the Court.

Plaintiff filed a demurrer to the above plea and in substance alleged that the plea of defendant shows on its face that the said notes and mortgage securing the same was foreclosed and that the property was bought in by defendant and in contemplation of law the notes given by Earle W. Webb to defendant were paid. The demurrer of plaintiff to this plea was overruled by the Court.

It appears from the evidence that the ultimate effect

of the foreclosure was that defendant took the property back after paying the expenses of the foreclosure suit. This could not be construed as ''a payment of the mortgage debt''. There are no allegations, nor proof otherwise that the two notes secured by the mortgage were ever paid. It appears that by agreement of all parties Earle W. Webb was substituted for Hugh W. Wear and that Webb made a cash payment of one-third of the purchase price of the land and that plaintiff in due course received $1150.00 in cash as one-third of his commissions.

It is shown that the contract between Murphy and Green for the sale of the property was not in writing, and there is evidence that some controversy arose when Murphy undertook to deliver the property to Wear and about that time the following paper was signed and delivered by Murphy and wife to Green:

"Bartow, Florida, Sept. 16th, 1925. "This is to certify that we, D. E. Murphy and Annie Murphy his wife are indebted to J. B. Green in the sum of $3450.00 which is to represent commission due him in the sale of one certain piece of land described as follows (description given). Subject nevertheless to terms and conditions of sale.'' (Signed and witnessed).

One of the most important issues involved in this suit is just what was the meaning and intent of the above-last sentence. Does it mean that the payment of the *whole* commission of $3450.00 was to be made subject to the *terms* and *conditions* of the sale? The words ''terms and conditions'' in the sale of property usually have a definite meaning; namely, the amount, time and manner of payments. If the payments of commissions were to be made only as the terms of payments on the mortgage were made, the question is not a difficult one.

On cross-examination plaintiff Green testified that the last sentence—''subject nevertheless to the terms and conditions of sale''—did not mean that he was to get

his commission only when the money was paid in under the terms of the sale. Green was then asked what the occasion was for accepting thereafter the two conditional notes (described in the third and fourth counts of the declaration) which contained similar provisions binding only in the event the notes of Webb held by Murphy of same date were paid by Webb otherwise they are null and void; and in reply he stated that he knew the conditional statement was on the notes when he took them from Murphy and "figured he had the other (agreement) to show."

"Q. Yet, you accepted those notes?
No reply by witness."

The defendant testified that he preferred to deal only with Wear because he knew him, but after talking with Green and Wear he consented to make the deed to Webb, but that any payment of commissions to Green were to be made "subject to the terms and conditions of the sale."

It appears that Webb never made any other payment to defendant except the first one-third-cash payment from which amount plaintiff was paid $1150.00 cash, as one-third of his total commission of $3450.00.

Under the conditions of the whole transaction it is clear that Defendant Murphy was to receive net his one hundred dollars per acre. It is also quite clear from exhibits, testimony and the pleadings that the shift of purchaser from Wear to Webb was not done at the instance of Murphy, but apparently at the request of and for the benefit of Wear, also Green who was anxious to see the deal go through.

The trial court allowed plaintiff to withdraw his third and fourth counts of the declaration and instructed the jury to disregard the defendant's plea of novation which set up that the notes made to plaintiff by defendant were substituted in lieu of and in satisfaction of the contract for deferred portions of the commission.

A novation, as understood in modern law, is a mutual

agreement between the parties concerned, for the discharge of a valid existing obligation by substitution of a new valid obligation on the part of the debtor. Novation does not result from the mere substitution of one paper writing for another, or one evidence of debt for another, but only by the substitution of a new obligation for another with intent to extinguish the old one. 20 R. C. L. 363; L. R. A. 1916C 443; 20 L. R. A. (N. S.) 1065.

It appears from all the evidence especially the signed memorandum acknowledging the indebtedness to Green which specifically states that it is made "Subject to terms and conditions of sale" and that plaintiff thereafter accepted the two notes of defendant the payments of which were expressly made subject to the condition that Webb make his deferred payments to defendant—that in the last analysis it could mean only that Green accepted and substituted one conditional evidence of indebtedness for another conditional obligation, and it was error for the trial court to exclude all evidence upon the question of the intent of the parties, in making the substitution, from the jury.

> "If there is an express agreement by the creditor to receive a note as absolute payment and to run the risk of its being paid, it will be held to be an extinguishment or payment of the precedent debt, whether the note is afterwards paid or not, but a clear agreement or manifestation of intention of both parties to that effect is essential." 21 R. C. L. 72. See cases there cited.

While novation may take place only by agreement, depending upon the intention of the parties at the time of making it, it therefore becomes largely a matter of proof and not of law. 46 C. J. 578. Where a new executory promise itself is the thing accepted in consideration of the discharge of a former one it will be operative accordingly and the fact that the former contract has not been performed will not destroy or alter the effect of the novation nor operate to revive or restore the extinguished ob-

ligation. 46 C. J. 581, Sec. 14. See also Ickes v. Phelps-Hendrickson Co. 93 Fla. 781, 113 So. 570; Mills v. McMillan, 78 Fla. 294, 82 So. 812.

It will be observed that even the original plea of defendant to the special (second) count of the original declaration sets up that the two notes were given to plaintiff by defendant at the request of plaintiff and that they were not to be paid except as payments were received from Earle W. Webb and that said Webb failed and refused to pay either note. Under the undisputed facts it was error for the court to instruct the jury to disregard defendant's plea setting up that the notes were substituted in lieu of and in satisfaction of the former contract, in view of the exhibits and evidence produced on that issue.

In the recent case of Ballas v. Lake Weir L. & W. Co., .... Fla. ...., 130 So. 421, it was held that a broker's commission in the absence of contrary provision becomes due and payable upon completion of services but that the time for payment may be advanced or postponed. by express stipulation in the contract, and that a promise to pay restricted to particular funds cannot be enforced until the funds are realized unless failure was due to neglect or refusal of promisor to act; also that the happening of an uncertain event on which performance of a promise is conditioned is ordinarily essential to a duty to perform.

In addition to the above, it will be observed that there is no instruction given by the court that the plaintiff was required to prove by a preponderance of the evidence any of the allegations of his declaration. All the charges cast the burden of proof on the defendant as to the intent and meaning of the conditional contract for payment of which plaintiff brought suit.

For reasons pointed out, the judgment is reversed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion pre-

pared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Court below should be, and the same is hereby reversed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN, AND DAVIS, J.J., concur.