502 So.2d 80 (1987)
CAUSEWAY LUMBER COMPANY, INC., Appellant,
v.
Wesley KING and Edith White King, Appellees.
No. 85-2857.
District Court of Appeal of Florida, Fourth District.
February 11, 1987.
*81 Jeffrey R. Eisensmith of Jeffrey R. Eisensmith, P.A., Fort Lauderdale, for appellant.
No appearance on behalf of appellees.
PER CURIAM.
This case involves a continuing guaranty by a wife (appellee, Edith White King) on her husband's business account with a lumber company (appellant). The parties were later divorced, but the wife never notified the lumber company that she was terminating her guaranty. The company did know, however, that the parties were divorced. Thereafter, the husband incurred $15,000 in charges on the account which he could not pay. When the husband filed for bankruptcy, the company sought payment from the wife as guarantor. The trial court found in favor of the wife, concluding that knowledge by the company of the divorce operated as sufficient notice that the wife would no longer be a guarantor of the account as to future charges.
The rule is that a continuing guaranty remains in effect until revoked. Brann v. Flagship Bank of Pinellas, N.A., 450 So.2d 237 (Fla. 2d DCA 1984). There was no notice of revocation in this case. Knowledge of the divorce could act as notice of revocation here only if, in all instances, dissolution of marriage results in termination of liability for the other spouse's future debts. But this is not the rule. There are obviously situations where the trial court, in the process of equitably settling the parties' property rights and liabilities, may find it appropriate to continue the wife's liability for such a guaranty, for example if she was awarded an interest in the husband's business. That this was not the case here is irrelevant  the fact remains that the lumber company would not automatically be put on notice that the guaranty had been terminated simply because it knew of the divorce.
Secondly, "a continuing guaranty covers all transactions, including those arising in the future, which are within the description of [sic] contemplation of the agreement." Fidelity National Bank of South Miami v. Melo, 366 So.2d 1218, 1221 (Fla. 3d DCA 1979). There is no indication in this record that the husband and wife intended, or that the lumber company agreed, that divorce would automatically terminate the guaranty. By its plain terms, the guaranty covers all future charges, without qualification. Had the parties intended that divorce would terminate the wife's obligation, they could easily have said so; since they did not, it is not appropriate to assume such an intent in retrospect.
Finally, a guarantor is released where the creditor materially alters the principal debtor's obligation to the detriment of the guarantor without the guarantor's consent. Miami National Bank v. Fink, 174 So.2d 38 (Fla. 3d DCA), cert. *82 denied, 180 So.2d 658 (Fla. 1965). See also 28 Fla.Jur.2d Guaranty and Suretyship § 28 (1981). This rule does not operate to release the guarantor in the present case, however, for three reasons. First, under a continuing guaranty, in the absence of an express contractual provision to the contrary (not present here), the creditor has no obligation to notify the guarantor regarding its transactions with the principal debtor. Bryant v. Food Machinery and Chemical Corp., 130 So.2d 132 (Fla. 3d DCA 1961). See also 28 Fla.Jur.2d Guaranty and Suretyship § 34 (1981). Second, the post-divorce transactions involved additional purchases of materials from the lumber company, which were clearly the type of transactions contemplated by the agreement. Third, as discussed above, there is no indication that the lumber company had reason to believe the wife's liability would automatically terminate upon divorce.
For the above reasons, we reverse and remand for further appropriate proceedings.
HERSEY, C.J., and DOWNEY, J., concur.
LETTS, J., concurs in conclusion only.