542 So.2d 463 (1989)
U.S. HOME ACCEPTANCE CORPORATION, Etc., Appellant,
v.
KELLY PARK HILLS, INC., Etc., et al., Appellees.
No. 88-724.
District Court of Appeal of Florida, Fifth District.
May 4, 1989.
Mark J. Bernet and Morris C. Massey of Carlton, Fields, Ward, Emmanuel Smith and Cutler, P.A., Tampa, for appellant.
Patrick C. Crowell, Orlando, for appellees.
GOSHORN, Judge.
Appellant, U.S. Home Acceptance Corporation, appeals a summary final judgment entered in favor of Mary L. and Paul A. Reynolds (appellees) and the denial of its reciprocal summary judgment motion. We reverse and remand.
Kelly Park Hills, Inc. (Kelly Park) was engaged in the business of selling retail mobile homes and equipment. In order to purchase and carry inventory for its business, Kelly Park entered into two security agreements with appellant in 1984. Pursuant to the security agreements, appellant agreed to extend, from time to time, credit to Kelly Park, which Kelly would repay as the inventory was sold. The appellees signed guaranties securing this indebtedness to the appellant. Subsequently Kelly Park defaulted on its obligation under the security agreements.
On May 7, 1986 Kelly Park entered into a contract with appellant entitled "Settlement Agreement". The document recognized Kelly Park's current obligations to appellant under the security agreements as well as the default of Kelly Park. Under the Settlement Agreement, Kelly Park agreed to pay appellant $50,000 upon execution of the agreement; $25,000 on the 120th day after execution and the remainder with interest on the 210th day after execution. Appellees were not a party to this agreement, however appellee, Paul J. Reynolds, attested to the execution of the *464 document as secretary of Kelly Park and thus had knowledge of the document.
In November 1986, appellant filed suit against Kelly Park and the guarantors after default under the Settlement Agreement. Count III of the appellant's complaint was grounded on the guaranties of the security agreements signed by appellees. In their answer appellees asserted that the Settlement Agreement released them since it compromised appellee's rights as guarantors, or in the alternative, that the Settlement Agreement acted as a novation thereby releasing appellees.
Subsequently both appellant and appellees moved for summary judgment. Appellees submitted no affidavits in support of their motion. The appellant submitted an affidavit setting forth the defaults by Kelly Park in payment under the security agreements and the Settlement Agreement. The trial court granted summary judgment in favor of appellees, holding that the Settlement Agreement constituted a novation extinguishing the security agreements and thereby releasing the appellees from their guaranty.
A novation, like any other contract, must be supported by a valid consideration. Murphy v. Green, 102 Fla. 102, 135 So. 531 (1931). The Settlement Agreement was merely a promise to pay in installments that which Kelly Park and the appellees, as guarantors, were already legally obligated to pay. As such, it did not constitute valid consideration and, as a matter of law, a novation could not arise. See Miami National Bank v. Forecast Construction Corporation, 366 So.2d 1202 (Fla. 3d DCA 1979).
Appellees also relied upon the rule of law stating that a guarantor is released if, without his consent, the obligation by which the principal debtor is bound to the creditor is materially altered. Champion Home Builders, Inc. v. Highridge Sales, Inc., 472 So.2d 836 (Fla. 5th DCA 1985). See also, Causeway Lumber Company, Inc. v. King, 502 So.2d 80 (Fla. 4th DCA 1987) and Miami National Bank v. Fink, 174 So.2d 38 (Fla. 3d DCA), cert. denied, 180 So.2d 658 (Fla. 1965). Appellees point out that the Settlement Agreement established a definite payment schedule, as well as interest payments. Not only did these terms not exist in the security agreements, but the Settlement Agreement also released two of the co-guarantors.
The guaranties binding appellees contain broad language which states:
[T]he undersigned (hereinafter "Guarantors"), jointly and severally unconditionally guarantee and promise to pay you on demand any and all indebtedness of Dealer as may be owing to you. The word "indebtedness" includes any and all advances, loans or other financial accommodations heretofore or hereafter granted by you to, or for the account of, Dealer. Guarantor also guarantees the due performance by Dealer of all its obligations under any present or future agreement with you... .
This is a continuing Guaranty relating to any indebtedness, including that arising under successive transactions which shall either continue the indebtedness or from time to time renew it after it has been satisfied... . The obligation of each Guarantor hereunder is joint and several, notwithstanding that the Guarantors signing this Guaranty may be both individuals and partnerships or corporations.
Guarantors agree: you may, without notice or demand, from time to time renew, compromise, extend, accelerate or otherwise change the time for payment of, or otherwise change the terms of the indebtedness or any part thereof, take and hold security for payment of this Guaranty or the indebtedness hereby guaranteed, and exchange, enforce, waive and release any such security, apply such security and direct the order or manner of sale thereof as you in your discretion may determine, and release or substitute any one or more endorsers or Guarantors; ... that all presentments, demands for performance, notices of nonperformance, protests, notices of protests, notices of dishonor, and notices of acceptance of this Guaranty and of the existence, creation, or incurring of new *465 or additional indebtedness are hereby waived... .
Continuing guaranties are recognized in the state of Florida. Fidelity National Bank of South Miami v. Melo, 366 So.2d 1218 (Fla. 3d DCA 1979). See also, Champion Home Builders, supra; Fewox v. Tallahassee Bank & Trust Company, 249 So.2d 55 (Fla. 1st DCA), cert. denied, 252 So.2d 799 (Fla. 1971). This continuing guaranty expressly provided that the appellant may alter the time of payment of the underlying debt or release other guarantors from time to time without notice. The appellees therefore consented to these material alterations in their guaranty and have waived any right to a discharge because of them.
Appellees also argue that the release of one co-guarantor operates as a release of all. This common law rule has been abrogated by § 46.015, Florida Statutes (1983)[1] for documents executed after June 23, 1980.[2] Additionally, the Settlement Agreement expressly provides that appellant can, without notice, "release or substitute any one or more endorsers or guarantors" without releasing the guaranty.
For the reasons stated, the final summary judgment entered below in favor of appellees, Mary L. and Paul A. Reynolds, is reversed and this cause remanded to the trial court with instructions to grant judgment in favor of the appellant against the Reynoldses.
REVERSED and REMANDED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] (1) A written covenant not to sue or release of a person who is or may be jointly and severally liable with other persons for a claim shall not release or discharge the liability of any other person who may be liable for the balance of such claim.
[2] See Stephen Bodzo Realty, Inc. v. Willits International Corporation, 428 So.2d 225 (Fla. 1983).