PER CURIAM.
Appellant, Justo Sanz, appeals a partial summary judgment on liability in favor of appellee, Professional Underwriters Insurance Agency, on appellee’s claim against appellant for enforcement of a personal guaranty. We affirm.
Appellant was a director and shareholder of Trail Underwriters, Inc. Appellant executed a separate personal guaranty on behalf of Trail Underwriters, Inc., for performance of a management agreement between Trail Underwriters, Inc. and appel-lee. Appellant’s separate personal guaranty agreement unequivocally provided that the guaranty would continue to be in effect until appellee received “written notice by registered mail terminating it as to future transactions.”
Appellant resigned as a director and shareholder of Trail Underwriters, Inc. and notified appellee. Appellant did not, however, specifically terminate his separate personal guaranty agreement. After appellant resigned, appellee brought a breach of contract action against Trail Underwriters, Inc. and sought recovery from appellant based on the personal guaranty.
The termination of an interest in a corporation, in and of itself, does not also terminate liability under a separate personal guaranty agreement unless the termination provisions of the agreement are complied with. See Kerr-McGee Chemical Corporation v. GHB Farms, Inc., 340 So.2d 483 (Fla. 4th DCA 1976), cert. denied, 348 So.2d 946 (Fla.1977). Thus, a personal guaranty continues until it is revoked. Causeway Lumber Company, Inc. v. King, 502 So.2d 80 (Fla. 4th DCA 1987).
Because appellant failed to comply with the termination provision, we find that, as a matter of law, he was liable under his personal guaranty. Accordingly, we affirm.