642 So.2d 1201 (1994)
Gerard HECK and Betty Ann Heck, Appellants,
v.
PARKVIEW PLACE HOMEOWNERS ASSOCIATION, INC., Appellee.
No. 93-2212.
District Court of Appeal of Florida, Fourth District.
October 5, 1994.
Richard Tannenbaum of Shea & Tannenbaum, Palm Beach, for appellants.
Catherine Mulcahey and Randy D. Ellison of Law Offices of Randy D. Ellison, West Palm Beach, for appellee.
MELANIE G. MAY, Associate Judge.
As Shakespeare once said: "What's in a name? That which we call a rose by any other name would smell as sweet." In this case, the court is called upon to determine whether a trellis may be called by "Awning" or "Shutter"? We think not. For the reasons set forth below, we reverse.
In this case, the homeowners erected a trellis in front of their picture window without having first sought approval from the homeowner's association. The Association sued the homeowners and asked the trial court to declare that the following provision of the Declaration of Covenants and Restrictions precluded the placement of the trellis in front of a picture window, without approval.
The applicable provision, Article IX(14), provided:

Awnings and Shutters. No shades, awnings, window guards, mirror tint window materials, hurricane or storm shutters, ventilators, fans or air conditioning devices shall be used in or about the buildings except as shall have been approved by the *1202 Declarant [Parkview Homes, Inc.] or Association, which approval may be withheld on purely aesthetic grounds within the sole discretion of the Declarant or Association.
The Association moved for summary judgment and submitted an affidavit of the developer, who attested that the trellis was precisely the type of alteration sought to be prohibited by the Declaration. The homeowners submitted affidavits to support the positive effects of the trellis.
The trial court denied the summary judgment motion and the issue went to trial. After determining the existence of an actual controversy, the trial court stated the issue as whether the Declaration "was intended to prohibit erection of the defendants' trellis without the association's prior approval." The court, without an explicit finding that the provision was ambiguous, permitted testimony concerning the meaning of the provision.
The trial court found the undisputed testimony established that the trellis shaded the window and was therefore a window shade and guard. It further found that the drafters intended the Declaration to prohibit such alterations to the homes' windows. Finally, the court found that the presence of other trellises within the community did not estop the Association from prohibiting the trellis at issue in this case. The trial court then held that the trellis violated Article IX(14) of the Declaration and awarded attorney's fees to the Association.
"Where contracts are clear and unambiguous, they should be construed as written, and the court can give it no other meaning." Institutional & Supermarket Equipment, Inc. v. C & S Refrigeration, Inc., 609 So.2d 66, 68 (Fla. 4th DCA 1992). This basic tenet is undisputed; both counsel agreed at oral argument that the "Awnings and Shutters" provision in this case is NOT ambiguous. The issue then is simply whether the Declaration prohibits the construction of the trellis in this case.
When giving a written provision its plain, ordinary meaning  the court should rely upon "the meaning most commonly understood in relation to the subject matter and circumstances... ." Thompson v. C.H.B., Inc., 454 So.2d 55, 57 (Fla. 4th DCA 1984). The Declaration in this case prohibits, without prior approval of the Association or Declarant, the construction of "shades, awnings, window guards, mirror tint window materials, hurricane or storm shutters, ventilators, fans, or air conditioning devices." It does not prohibit "trellises." Given the plain, ordinary meaning of the terms employed by the Declaration, the construction of the trellis in this case did not run afoul of the Declaration's prohibition. Absent a finding of ambiguity, which both sides concede does not exist, we decline to s-t-r-e-t-c-h the terms employed by the Declaration to the facts of this case. We specifically find the homeowner's trellis is not an "Awning" or "Shutter" as defined by the Declaration. For the foregoing reasons, the judgment of the trial court is reversed.
POLEN and FARMER, JJ., concur.