JOE HAND PROMOTIONS,
INC., Plaintiff,

v.

Robert E. CONROY, et al., Defendants,

No. 00–CV–369(HGM/GLS).

United States District Court,
N.D. New York.

Oct. 1, 2001.

Lonstein Law Office, Ellenville, NY, Julie C. Lonstein, of counsel, for Plaintiff.

Office of Frank T. Mahady, Albany, NY, Frank T. Mahady, of counsel, Office of Michael T. Horan, Schenectady, NY, Michael T. Horan, of counsel, for Defendants.

### MEMORANDUM–DECISION AND ORDER

MUNSON, Senior District Judge.

### INTRODUCTION

Currently before the Court is a motion by defendants Flood's Tavern, Margaret Flood, and Raymond Flood ("the Flood Defendants") for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. In response, plaintiff filed a cross-motion for summary judgment. Also pending is a cross-motion for summary judgment by the Brothers of St. Paul Lodge # 282 ("Brothers Lodge").

For the following reasons, the court grants the cross-motion by Brothers Lodge. The motion by the Flood defendants is denied as moot. The cross-motion by plaintiff is denied and the complaint is hereby dismissed in its entirety.

### BACKGROUND

On March 1, 2000, plaintiff, Joe Hand Promotions, filed the instant action alleging numerous violations of the Communications Act of 1934, 47 U.S.C. § 605 *et seq.*, and the Cable Communications Policy Act of 1934, 47 U.S.C. § 553. Apparently, plaintiff contracted for the right to distribute commercial television coverage of the Tyson verses Botha boxing match ("Tyson fight"), which aired on January 16, 1999.[1] Specifically, plaintiff purchased the exclusive right to sell the program to commercial entities within a defined geographical area. According to plaintiff, it then entered into agreements with hospitality-oriented businesses within New York State that would allow them to exhibit the Tyson fight. Prior to the event, plaintiff compiled a list, called the "legal list," of businesses that had permission to show the Tyson fight. On the evening of the fight, plaintiff hired private investigators to canvas certain regions and identify those businesses that aired the fight but were not on the legal list.

In the instant action, plaintiff accuses several businesses and individuals of illegally showing the Tyson fight. Although there are many defendants in this action, only Flood's Tavern, Margaret Flood, Raymond Flood and the Brothers of St. Paul Lodge have moved for summary judgment. The court will only address the merits of the Brothers Lodge motion because they are dispositive of the entire complaint.

---

**1.** The Tyson/Botha fight was transmitted via satellite uplink and subsequently distributed through cable systems and satellite television companies.

## DISCUSSION

### I. Summary Judgment: The Legal Standard

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Moreover, Rule 56(c) of the Federal Rules of Civil Procedure mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 247, 106 S.Ct. at 2510. Any ambiguities and inferences drawn from the facts must be viewed in the light most favorable to the non-moving party. *See Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir.1990). However, an alleged or hypothetical factual dispute will not defeat a motion for summary judgment. *See id.* Instead, the nonmoving party must demonstrate that there are genuine factual issues to be decided by the trier of fact. *See id. (citing Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)). An issue is considered "genuine ... if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

Furthermore, a non-moving party may not rest upon mere conclusory allegations or denials, but must set forth "concrete particulars" showing the need for a trial. *See Connell v. Consolidated Edison Co. of New York*, 109 F.Supp.2d 202, 206 (S.D.N.Y.2000). Therefore, a non-moving party may not "merely ... assert a conclusion without supplying supporting arguments or facts." *Id. (quoting BellSouth Telecommunications, Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir.1996))(internal quotations omitted).

### II. Brothers of St. Paul Lodge

According to plaintiff, the Brothers Lodge exhibited the Tyson fight in January 16, 1999, for the purpose of commercial gain.[2] To support this claim, plaintiff offers an affidavit from David J. Cummings, a private investigator, who allegedly observed the Brothers Lodge showing an undercard of the Tyson fight. The Cummings affidavit is plaintiff's only proof that Brothers Lodge showed the Tyson fight.

In response to these allegations, the Brothers Lodge argues that plaintiff lacks standing to pursue this action.[3] It claims that plaintiff is not authorized to do business within the State of New York and did not have an exclusive right to distribute the Tyson fight in New York. It contends that plaintiff entered into a distribution agreement ("the Agreement") with National Satellite Sports, Inc., ("National"), which described the rights and obligations of Joe Hand Promotions, Inc. The Agreement sets forth the exclusive territory in which plaintiff was licensed to distribute the fight. It conveys to plaintiff a right to prosecute all commercial infringers located within its exclusive territory. Although the Agreement names several states, New York State was not listed as part of plaintiff's exclusive territory. With this fact in mind, Brothers Lodge maintains that plaintiff does not have any right to prose-

---

**2.** The Brothers Lodge owns and operates a Masonic Lodge located at 548 Schenectady Street in Schenectady, New York.

**3.** The Flood defendants join Brothers Lodge in this motion.

cute commercial infringers under the terms of the Agreement.

In reply, plaintiff claims that it obtained the exclusive right to distribute the Tyson fight in New York State shortly before the event. It suggests that it is common practice in "the event distribution industry" to enter into eleventh hour oral distribution contracts. To support this claim, plaintiff offers an affidavit from Skip Klauber who is Assistant General Counsel for National. This affidavit attempts to establish that Joe Hand Promotions acquired the right to distribute the Tyson fight in New York. Armed with this evidence, plaintiff insists that it clearly had the right to distribute the Tyson fight in New York.

▪ As a general prudential rule, a plaintiff may not claim standing to vindicate the constitutional or statutory rights of third parties. *See Secretary of State of Md. v. Joseph H. Munson Co.,* 467 U.S. 947, 955, 104 S.Ct. 2839, 2846, 81 L.Ed.2d 786 (1984) (plaintiffs generally must assert their own legal rights and interests, and cannot rest their claims on the legal rights of third parties). In this case, the court finds that plaintiff lacks standing to pursue its claims against all defendants in this action, because it did not properly acquire the right to distribute the Tyson fight in New York State. According to the terms of the Agreement, National retained all rights to prosecute commercial infringers outside of plaintiff's exclusive territory. Since New York State was not part of Joe Hand Promotions' distribution territory, it is clear that the Agreement did not convey to plaintiff a right to prosecute commercial infringers located within New York State. Absent such a conveyance, National, not plaintiff, has the right to prosecute infringement claims in New York State.

▪ Additionally, the court rejects plaintiff's contention it acquired the New York State territory, and standing, through an eleventh hour oral contract with National. Where contracts are clear and unambiguous, they are construed as written, and the court can give them no other meaning. *See Institutional & Supermarket Equipt., Inc. v. C & S Refrigeration, Inc.,* 609 So.2d 66, 68 (Fla.1992).[4] Moreover, where contract language is clear and definite, it must be afforded its ordinary meaning. *See id.* In the instant case, the Agreement states that it constitutes a "full agreement and complete understanding between the parties." Distribution Agreement at ¶ 18; Horan Affidavit Ex. D. It also clearly and unambiguously states that the agreement "cannot be modified *except by written instrument* signed by all parties ..." *Id.* (Emphasis Added). In light of this contractual provision, it is clear that plaintiff could not acquire the New York territory, and thereby a gain standing to prosecute its infringement claims, through an oral contract. Perhaps, the plaintiff should have read the Agreement before attempting to acquire the New York territory through an oral agreement.

Since plaintiff's alleged right to distribute in New York contravenes the clear provisions of the Agreement, the court finds that plaintiff did not properly acquire the right to prosecute claims against commercial infringers within New York State. Therefore, Brothers Lodge's cross-motion for summary judgment is GRANTED and the complaint is DISMISSED for lack of standing. Additionally, plaintiff's claims against the Flood defendants and all other defendants to this action are also DISMISSED.

---

**4.** The Agreement also contains a choice of law provision which states that Florida law shall apply to all provisions within the agreement.

Therefore, the court has applied Florida law concerning contract interpretation, even though it is identical to New York law.

### III. Costs

Finally, the Flood defendants seek costs and attorney's fees from plaintiff. This request is DENIED. The parties shall bear their own fees, costs and expenses.

WHEREFORE, for the foregoing reasons, it is hereby

ORDERED, that the cross-motion for summary judgment by Brothers Lodge is GRANTED. It is further

ORDERED, that the complaint is hereby DISMISSED **in its entirety** for lack of standing.

ORDERED, that the Flood defendants' motion for summary judgment is DENIED as moot. It is further

ORDERED, that plaintiff's cross-motion for summary judgment against the Flood defendants is DENIED. It is further

ORDERED, that the Clerk of the Court serve a copy of this Memorandum Decision and Order upon the parties by regular mail.